UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY WOODSON,

       Plaintiff,

v.                                         Case No. 8:17-cv-1495-T-23AEP

RONALD RUSSO, *et al.*,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, who proceeds *pro se*, filed a Complaint in this matter, asserting claims against (1) Ronald Russo, the Inspector General of the Florida Department of Agriculture and Consumer Services; (2) Jerry Bryan, purportedly with the Office of Agriculture Law Enforcement; and (3) four unknown agents (Doc. 1). Currently before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a request to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citation omitted).  Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without an arguable basis either in law or fact.  *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989).  Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally.  *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  Here, Plaintiff's Complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred, and his allegations appear clearly baseless, delusional, and without an arguable basis either in law or in fact.  Specifically, Plaintiff appears to allege that he was illegally profiled by the Florida Department of Agriculture and agents of the Office of Agriculture Law Enforcement and that he was subjected to purported mental abuse, kidnapping, torture, verbal assaults, intimidation, threats, insults, and harassment for twenty-four hours per day every day over the course of more than four years by such individuals and entities (Doc. 1, at 2).  Plaintiff further alleges that he was sexually abused "as he prepared for bedtime" with "abuse to the rectum with cold laser to the nerves in and around the rectum area to make the Plaintiff homosexual" (Doc. 1, at 2).  As a result of the alleged abuse, torture, and kidnapping, Plaintiff contends that he was damaged and thus seeks $99,999.99 for damages every year, from 2012 to 2017, for the mental abuse, torture, and sexual abuse suffered at the hands of the agents (Doc. 1, at 2-3).  Plaintiff

also seeks general damages for pain and suffering for 12,240 hours, which includes damages for defamation and loss of reputation at the rate of $1,000 per hour (Doc. 1, at 3). Plaintiff further requests that all damages be paid free of any tax liability (Doc. 1, at 3).

Even construing Plaintiff's allegations liberally, Plaintiff's claims appear clearly baseless, fanciful, delusional, without an arguable basis either in law or in fact, and even "rise to the level of the irrational or the wholly incredible," thereby rendering the allegations frivolous for purposes of 28 U.S.C. § 1915(e)(2). *See Denton*, 504 U.S. at 32-33; *cf. Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (*per curiam*) (finding the district court did not abuse its discretion in dismissing the plaintiff's complaint as frivolous where the complaint presented a far-fetched scenario based on assertions of a massive conspiracy to monitor the plaintiff that was clearly baseless). Furthermore, amendment would prove futile since it does not appear that Plaintiff could state a valid federal claim for relief that is plausible on its face if given an opportunity to amend. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").[2] Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) be denied.

2. Plaintiff's Complaint (Doc. 1) be dismissed.

---

[2] Notably, Plaintiff previously initiated another action in the Middle District of Florida against the Florida Department of Agriculture and Consumer Services and other defendants. *See Woodson v. Fla. Dep't of Agriculture & Consumer Servs.*, Case No. 8:12-cv-1084-T-30AEP (filed May 16, 2012). In that action, Plaintiff's claims were dismissed as both factually and procedurally deficient. *See Woodson,* Case No. 8:12-cv-1084-T-30AEP (Docs. 11 & 12).

IT IS SO REPORTED in Tampa, Florida, on this 6th day of July, 2017.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


cc:     Hon. Steven D. Merryday
        Plaintiff, *pro se*